UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14063-CIV-CANNON/MAYNARD

**ADMIRAL INSURANCE COMPANY**,

    Plaintiff, Counter-Defendant,

**v.**

**INDIAN RIVER MEMORIAL HOSPITAL INC,**

    Defendant. Counter-Plaintiff,

_____/

### ORDER ON DEFENDANT'S MOTIONS TO COMPEL [DE 39; DE 40]

**THIS CAUSE** is before me upon Defendant's Motion to Compel or For In Camera Inspection ("Motion to Compel Privilege Log Documents") [DE 39] and Defendant's Motion to Compel ("Motion to Compel Personnel File Information") [DE 40] (collectively, the "Motions").[1] Plaintiff responded to the Motions. DE 46, 47. Additionally, I heard oral argument from the parties at a Discovery Hearing held on October 22, 2021. DE 51. Following the Discovery Hearing, I deferred ruling on the Motions pending an *in camera* review of documents withheld. DE 52. Having now completed the *in camera* review, Defendant's Motions are **GRANTED IN PART AND DENIED IN PART** as further set forth below.

### BACKGROUND

This case concerns Plaintiff's Complaint for Declaratory Relief filed on February 4, 2021 seeking a declaration that it owes no coverage for sanctions that were imposed upon Defendant in underlying litigation. *See generally* DE 1; DE 11. Defendant has filed a counterclaim contending

---

[1] The District Court has referred pretrial motion related to discovery to the undersigned pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules for the United States District Court for the Southern District of Florida. DE 23.

that Plaintiff is responsible for the sanctions. *See generally* DE 5. The parties have been engaging in discovery. On September 20, 2021, Defendant filed two motions to compel production of documents withheld. DE 39; DE 40.

Following the Discovery Hearing on October 22, 2021, I overruled Plaintiff's objections and ordered Plaintiff to submit documents listed on its privilege log [DE 39-3] for an *in camera* review as to attorney-client privilege only. DE 52. I further ordered Plaintiff to submit documents for *in camera* review that were responsive to Defendant's request for production No. 10 relating to the termination of Plaintiff's claims adjuster, Rick Farlow. *Id.*

## **LEGAL STANDARDS**

"Federal Rule of Evidence 501 directs that this Court look to Florida law as to the attorney-client privilege." *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 583 (S.D. Fla. 2013). "The burden of establishing the privilege rests on the party claiming it." *Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1233 (S.D. Fla. 2018).

> Because the nature of the corporation differs significantly from the individual person . . . the following criteria [are used] to judge whether a corporation's communications are protected by the attorney-client privilege:
>
> (1) the communication would not have been made but for the contemplation of legal services;
>
> (2) the employee making the communication did so at the direction of his or her corporate superior;
>
> (3) the superior made the request of the employee as part of the corporation's effort to secure legal advice or services;
>
> (4) the content of the communication relates to the legal services being rendered, and the subject matter of the communication is within the scope of the employee's duties;
>
> (5) the communication is not disseminated beyond those persons who, because of the corporate structure, need to know its contents.

*S. Bell Tel. & Tel. Co. v. Deason*, 632 So. 2d 1377, 1383 (Fla. 1994).

Moreover, personnel files are discoverable; however, discovery requests seeking information in the personnel files of employees are subject to the rules applying to discovery generally, e.g., relevance and proportionality. *See Donahay v. Palm Beach Tours & Transp., Inc.*, No. 06-61279, 2007 WL 1119206, at *1 (S.D. Fla. Apr. 16, 2007); *Blake v. Batmasian*, No. 15-CV-81222, 2016 WL 7447245, at *1 (S.D. Fla. June 23, 2016).

## DISCUSSION

Here, I find that, of the thirty items listed on Plaintiff's privilege log [DE 39-3], only six items are subject to the attorney-client privilege. Most of the items withheld are the notes of Plaintiff's claims adjusters and are not subject to the attorney-client privilege. The two items (Nos. 1 and 24) on the privilege log relating to indexes provide more description of the documents withheld but contain nothing that is subject to the attorney-client privilege. One item on the privilege log represents counsel's communication regarding wire transfer instructions (No. 22). Although not privileged, I am denying the motion to compel with respect to item No. 22 in the interest of prudence as to counsel's banking information and because the information is not relevant to the claims and defenses at issue. Furthermore, I find that the documents responsive to Defendant's RFP No. 10 are discoverable because these documents are relevant to claims and defenses at issue and are proportional to the needs of this case.

## CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motions [DE 39, 40] are **GRANTED IN PART AND DENIED IN PART** as follows:

(1) Defendant's Motion to Compel Privilege Log Documents [DE 39] is **GRANTED** as to privilege log [DE 39-3] No.'s 1-7, 9-12, 14-15, 17-19, 21, and 24-30 and **DENIED** as to No.'s and 8, 13, 16, 20, and 22-23.

(2) Defendant's Motion to Compel Personnel File Information [DE 40] is **GRANTED** as to documents with Bate Stamp 001-011.

(3) Plaintiff shall serve the above-described documents upon Defendant **by December 23, 2021**.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 17th day of December, 2021.

_____
SHANIEK M. MAYNARD
UNITED STATES MAGISTRATE JUDGE